### FREDERICKS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 9, 1923.)

No. 4023.

1. **Conspiracy ⊕⟼43(12)—Overt act must be proved as charged.**
   To warrant conviction for conspiracy, under Penal Code, § 37 (Comp. St. § 10201), the overt act charged in the indictment, or one of the overt acts charged must be proved.

2. **Criminal law ⊕⟼1152(2)—Court's discretion in limiting examination of jurors reviewable only for abuse.**
   The action of the court in exercising supervision over the inquiry into the qualification of jurors is reviewable only for abuse of discretion.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Criminal prosecution by the United States against Joseph Fredericks and Clarence Chambers. Judgment of conviction, and defendants bring error. Reversed in part.

Carkeek, McDonald, Harris & Coryell, of Seattle, Wash., for plaintiffs in error.

Thomas P. Revelle, U. S. Atty., and De Wolfe Emory, Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge..

HUNT, Circuit Judge. Plaintiffs in error, defendants below, were convicted of (1) conspiracy to violate the National Prohibition Act (41 Stat. 305) by the importation, possession, and transportation of intoxicating liquor, under section 37, Penal Code (Comp. St. § 10201); (2) the possession of the same intoxicants on the same day mentioned in count 1; (3) transportation of the same intoxicants upon the same day. The only overt act charged in the conspiracy count was that defendants, to effectuate the object of the conspiracy, from a foreign country, to wit, British Columbia, transported on a certain gas boat known as the Dragon, to a place near Stanwood, Wash., certain described intoxicating liquor, for the purpose of disposing of the liquor in violation of the law.

[1] The main question is whether the court erred in its instructions upon certain features of the law of conspiracy. After charging generally as to the nature of conspiracy, and that it was necessary that an act must be done to effectuate the object of the conspiracy, the court continued as follows:

"And then, before that is an offense, something must be done by one of the parties to carry forward the conspiracy. It is immaterial what that act is. It might be sailing a boat down the stream, or it might be carrying a cargo or the prohibited commodity in the boat. It might be any minor thing. In this case the overt acts charged in the indictment are set forth in that count, and it is not necessary that the government establish all the overt acts charged. It is sufficient if they have proved one act that would carry forward the conspiracy."

The court also charged that it was the contention of the defendants that there was no conspiracy, and that no act was done by any of them to effect the object of any conspiracy, but that what they did was in another enterprise entirely. The defendants excepted, upon the specific ground that the charge of the court was to the effect that it was not necessary for the government to prove the overt act as alleged in the indictment, and that the court erred in not giving an instruction, requested by the defendants, to the effect that, if the jury were satisfied that the conspiracy existed, they must then consider whether or not the overt act charged in the conspiracy count was proved beyond a reasonable doubt; that such overt act must be proved as laid in the indictment; and that, unless it was proved as charged, defendants must be acquitted of the conspiracy charge.

We are constrained to hold that the court should have charged with definiteness that the overt act alleged in the indictment must be proved. Where more than one overt act is charged, the prosecution need not prove all of them; but it is fundamental that some overt act alleged must be proved. But under the charge the jury might well have believed that, if they found that defendants had done any overt act to effect the object of the conspiracy, conviction should follow, even though the specific act charged was not proved.

It is also contended that the search and seizure were not made in accordance with law; but we believe that the facts were fully sufficient to justify the arresting officers in the belief that a crime was being committed in their presence. Vachina v. United States (C. C. A.) 283 Fed. 35; Lambert v. United States (C. C. A.) 282 Fed. 413; section 26, tit. 2, National Prohibition Act.

[2] Plaintiffs in error excepted to the action of the court in refusing to allow them to ask each juror this question:

"Could defendants rely upon you to vote for no verdict except what you thought was right, irrespective of what the other jurors did, except as they might influence you by legitimate argument? The fact that seven or eight, or even more, of the other jurors voted differently from what you thought was the right verdict would not influence you to vote that way?"

The court criticized the question, and stated that the inquiry should be whether the jurors knew anything about the case, or had any preconceived notions about it, to the jury "en masse," and counsel should not repeat the same question to each individual juror. Under any view that might be taken, the court in its ruling did not abuse the sound discretion that generally must control in its supervision over the inquiry into the qualification of jurors. Connors v. United States, 158 U. S. 408, 15 Sup. Ct. 951, 39 L. Ed. 1033.

The judgment of conviction under count 1, the conspiracy charge, is reversed. Judgment under the other counts, 3 and 4, is affirmed.