**UNITED STATES v. NEGRO et al.**

No. 43, Docket 20709.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1947.

John F. X. McGohey, of New York City (William M. Regan, of New York City, of counsel), for plaintiff-appellee.

Henry K. Chapman, of New York City, and Irving Rader, of Brooklyn, N.Y., for defendant-appellant.

Before, AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Defendant assigns as error the fact that the judge told the jury, "A conspiracy involves two persons. If you find Bruchon not guilty of conspiracy you must find Negro not guilty." Defendant argues thus: (a) The indictment named as the conspirators the defendants, Bruchon, Negro, and "divers other persons to the Grand Jurors unknown." (b) The record contains evidence, says defendant, from which the jury might have concluded that Negro conspired with persons other than Bruchon. (c) It was therefore a mistake to advise the jury that, if Bruchon was guiltless of conspiracy, Negro must also be, since the alleged conspirators consisted of more than the two men, Bruchon and Negro. (d) This mistaken instruction substantially injured Bruchon because it "may well have decided the jury to bring in a guilty verdict against him, even though it believed that his guilt of the conspiracy was not proved beyond a reasonable doubt and that of Negro was."

The government answers that as, on the testimony, the only persons whom the jury could have found to be participants were Bruchon and Negro, the comment by the judge was not only fair but appropriate, and favorable to Bruchon, so that the jury could not have been misled. We are strongly inclined to agree. But if we assume, arguendo, that the jury may have been misled, as Bruchon now claims, he should have called the judge's attention to the error before the jury retired. He did not do so, for he took no exception to the judge's original instructions. The error, if any, was the sort which a defendant waives by such silence, not the egregious sort which may be assigned successfully for the first time after the verdict.

■ 2. As the record contains no evidence of the only overt act alleged in the indictment (i.e., the meeting of Bruchon and Negro, on or about March 17, in Negro's quarters aboard the boat), the government wisely concedes that the judge erred in giving his supplemental instruction. For the judge could not properly tell the jury that, on the basis of Negro's confession, inadmissible with respect to Bruchon, they might rest a finding of the occurrence of that overt act.

The government, however, urges the harmlessness of that error. It points to the uncontradicted testimony by Customs Officer Murray of another, distinct, overt act not mentioned in the indictment (i.e., Negro's attempt to smuggle in a quantity of heroin) and argues that the verdict must be taken as showing that the jury found the occurrence of that act. The short answer is that, as the judge in his instructions referred solely to the overt act alleged in the pleadings, we would, if we held this error harmless, be ignoring flagrantly the "harmless error" doctrine as expressed in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, Bihn v. United States, 328 U.S. 633, 66 S.Ct. 1172, 90 L. Ed. 1485, and Bollenbach v. United States,

326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350. It follows that we must reverse and remand for a new trial.

3. Since the following question will again arise in connection with a new trial, it seems desirable to consider it: When Murray testified to the overt act not stated in the indictment (i.e., his discovery of heroin in Negro's possession), Bruchon's counsel objected to the reception of this evidence as against his client on the conspiracy charge. Had this act been specified in the indictment, a verdict of guilty, after proper instructions from the judge, would unquestionably have supported a judgment of conviction. The question is whether it would do so, although this overt act is not named in the indictment and although defendant objected to the use of the testimony concerning this act, as evidence against him.

The answer, we think, turns on whether, under 18 U.S.C.A. § 88, an overt act is an element of the crime of conspiracy. At one time, the Supreme Court seems plainly to have held that it was not, either before or since the enactment of that statute. Thus in United States v. Hirsch, 1879, 100 U.S. 33, 34, 25 L.Ed. 539, the Court said: "The gravamen of the offense here is the conspiracy. * * * Although by the statute something more than the common-law definition of a conspiracy is necessary to complete the offense, to wit, some act done to effect the object of the conspiracy, it remains true that the combination of minds in an unlawful purpose is the foundation of the offense." This case was cited with approval in Pettibone v. United States, 1893, 148 U.S. 197, 202, 13 S.Ct. 542, 545, 37 L.Ed. 419, where it was said: "The confederacy to commit the offense is the gist of the criminality under this section, although, to complete it, some act to effect the object of the conspiracy is needed." In United States v. Britton, 108 U.S. 199, 205, 2 S.Ct. 531, 534, 27 L.Ed. 698, the Court had said: "This offence does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute, that there must be an act done to effect the object of the conspiracy, merely affords a locus poenitentiae. * * *"

In Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914 A, 614, the Court seemed to shift its position. It held that venue under the Constitution (Art. III, sec. 2, clause 3, and the Fourth Amendment) could be grounded on the fact that an overt act, innocent in and of itself, occurred within the district, although none of the defendants had there been present, and although the conspiring took place elsewhere. In so holding, the Court, referring to the statute, said at page 359 of 225 U.S., at page 799 of 32 S.Ct.: "The conspiracy * * * cannot alone constitute the offense. It needs the addition of the overt act. Such act is something more, therefore, than evidence of a conspiracy. It constitutes the execution or part execution of the conspiracy. * * *"[1] However, in Joplin Mercantile Company v. United States, 236 U.S. 531, 536, 35 S.Ct. 291, 293, 59 L.Ed. 705, the Court held that the averments in the indictment of the overt acts could not relate back to the averments of conspiracy, because overt acts, "although essential to the completion of the crime, are still, in a sense, something apart from the mere conspiracy, being 'an act to effect the object of the conspiracy.'" In Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23, the Court regarded the question as still unanswered, saying: "But it is unimportant, for present purposes, whether we regard the overt act as a part of the crime which the statute defines and makes punishable * * * or as something apart from it, either an indispensable mode of corroborating the existence of the conspiracy or a device for affording a locus poenitentiae. * * *"

---

[1] Holmes, J., dissented, saying (at page 388 of 225 U.S., at page 810 of 32 S.Ct.): "The cases in this court have agreed that the statute has not made the overt act a part of the crime, which still remains the conspiracy alone. * * * The overt act is simply evidence that the conspiracy has passed beyond words and is on foot when the act is done. As a test of actuality it is made a condition to punishment, but it is no more a part of the crime than it was at common law, where it was customary to allege such an act * * *."

We believe that, at least for some purposes, the overt act is not part of the crime. See United States v. Cohen, 2 Cir., 145 F.2d 82, 94.[2] Thus if, in the instant case, there had been no proof of any overt act other than that alleged, and if the defendant Bruchon had been acquitted, we think that, under the doctrine of double jeopardy, he could not subsequently have been convicted for a conspiracy on the same facts with the single exception that, in the second trial, a different overt act was alleged and proved. We think, also, that an overt act is not part of the crime in the sense that the act alleged must be proved, where another unalleged overt act is proved.[3] We are aided in reaching this conclusion by the new Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, especially Rule 7(c).[4] So that, even if Fredericks v. United States, 9 Cir., 292 F. 856,[5] was correct when decided,[6] we think it should not now be followed.

■ Consequently, we think the substitution of proof of an unalleged for an alleged overt act does not constitute a fatal variance. At most, such a variance justifies a request for continuance because of surprise. In the instant case, defendant could not reasonably have claimed surprise, since Murray's testimony was virtually evidence of the conspiracy's consummation.

Reversed and remanded.

[2] See also Marino v. United States, 9 Cir., 91 F.2d 691, 113 A.L.R. 975; Troutman v. United States, 10 Cir., 100 F.2d 628, 632.

[3] We find no substantial support for our conclusion in United States v. Downing, 2 Cir., 51 F.2d 1030, 1031, for there, as the record shows, there was evidence of one of the two alleged overt acts. Nor does our conclusion derive from the accepted doctrine that, in order to prove intent, evidence of unalleged overt acts is admissible where there is proof of the alleged act.

[4] This Rule reads: "(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

[5] See also United States v. Ault, D.C., 263 F. 800, 803.

[6] Cf. however, Marino v. United States, 9 Cir., 91 F.2d 691, 113 A.L.R. 975, decided by the same circuit court.