UNITED STATES of America,

v.

Henry W. GRUNEWALD, Daniel A. Bolich and Max Halperin, Defendants.

United States District Court
S. D. New York.
May 23, 1958.

See also, 162 F.Supp. 621.

Paul W. Williams, U. S. Atty., New York City, by Robert Kirtland and Robert B. Fiske, Jr., Asst. U. S. Attys., New York City, for the Government.

John C. Walsh, New York City, for defendant Henry W. Grunewald.

Rudolph Stand and Frank Aranow, New York City, for defendant Daniel A. Bolich.

Murray E. Gottesman, New York City, for defendant Max Halperin, Jack J. Elkin, New York City, of counsel.

HERLANDS, District Judge.

Upon the trial of this indictment, the first count of which charges a conspiracy under 18 U.S.C. § 371, the following question of law has been raised and argued by counsel: Does proof of an overt act within the statutory period of limitations (in this case, after September 1, 1951) serve to toll the statute, where such overt act is not pleaded in the indictment?

As a preliminary to the answer, it is necessary to make a sharp distinction between the pleading of an overt act in a conspiracy indictment and the proof of an overt act upon the trial.

Title 18 U.S.C. § 371, the general conspiracy statute, relevantly provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, * * * and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The first count of the indictment pleads thirteen overt acts, a number of which come within the statutory period. Because the United States Supreme Court (Grunewald v. United States, 1957, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed. 2d 931), had reversed the conviction of Halperin, Grunewald and Bolich, the three defendants now being re-tried, and because it is critically important for the prosecution to establish at least one overt act within the statutory period in accordance with the principles made specifically applicable by the Supreme Court, the United States Attorney has formally advised the Court and defense counsel (Trial Minutes, pages 934–939) that the prosecution intends to prove a number of overt acts which are not pleaded in the indictment but which, if established, would come within the statutory period, i. e., after September 1, 1951.

Objecting to this line of evidence, defense counsel argue that the overt act relied upon by the prosecution to toll the statute of limitations must be one of the overt acts pleaded in the indictment; and that the prosecution's proposal to rely upon proof of non-pleaded overt acts for the purpose of tolling the statute is an invalid attempt to amend the indictment.

■ That the prosecution in a conspiracy case must prove at least one of the overt acts alleged in the indictment is the rule in the New York state courts (People v. Hines, 1940, 284 N.Y. 93, 29 N.E.2d 483) and in at least one Federal circuit (Fredericks v. United States, 9 Cir., 1923, 292 F. 856). However, the decision in the Hines case, supra, is based upon an express provision of the New York Code of Criminal Procedure, § 398. That section requires the prosecution not only to plead an overt act but also to prove "one or more of the acts alleged" in order to sustain the conviction. There is no comparable Federal statutory provision.

Moreover, the Court of Appeals for the Second Circuit has explicitly declined to follow the Fredericks case, supra, in United States v. Negro, 2 Cir., 1947, 164 F.2d 168, 173.

In the Negro case, supra, the Court of Appeals reversed a narcotics conspiracy conviction and ordered a new trial. In laying down the principles which should guide the District Court upon the new trial, Judge Frank (writing for a unanimous court) expressly stated that the conspiracy indictment could be sustained by proof of an "unalleged overt act." At page 173. In reaching this conclusion, Judge Frank reviewed the various decisions which have considered the role and significance of "overt acts" in the law of conspiracy. He also pointed Rules of Criminal Procedure, Rule 7(c), 18 U.S.C., which provides, inter alia, that the indictment shall be "a plain, concise and definite written statement of the es-

sential facts constituting the offense charged," and that it "need not contain * * * any other matter not necessary to such statement." At page 173.

Judge Frank took the position that proof of and reliance upon an unalleged overt act does not constitute a fatal variance between the evidence and the indictment; and that, at most, the situation might justify a defense request for an adjournment because of surprise. At page 173. In the present case, there has been no suggestion of surprise and there has been no request for an adjournment.

■ Pleading in modern criminal law has become more and more simplified. Prolix indictments have been supplanted by the short form of indictment. An acknowledged authority has said that the test of the sufficiency of an indictment is "whether the indictment adequately apprises the accused of the charge against him, and also is sufficiently definite to enable him to plead double jeopardy in the event that he should be subsequently charged with the same offense." Holtzoff, A Criminal Case in the Federal Courts, Rules of Criminal Procedure and Criminal Code (1957 ed., West Publishing Co.) p. 10.

■ In the light of this function of satisfying constitutional standards, it has been long said that the gravamen or corpus delicti of the crime of conspiracy is the agreement or combination, even where the particular conspiracy statute required an overt act. Dealy v. United States, 1894, 152 U.S. 539, 547, 14 S.Ct. 680, 38 L.Ed. 545; Hyde v. Shine, 1905, 199 U.S. 62, 76, 25 S.Ct. 760, 50 L.Ed. 90; Hyde v. United States, 1912, 225 U.S. 347, 387–388, 32 S.Ct. 793, 56 L.Ed. 1114 (Holmes J. dissenting); United States v. Downing, 2 Cir., 1931, 51 F.2d 1030, 1031; United States v. Donau, C.C. S.D.N.Y.1873, Fed.Cas.No.14,983. But see Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, majority opinion.

■ The history of the law of conspiracy going back to the 14th Century, demonstrates that, at common law, the crime of conspiracy was complete when the defendants entered into the proscribed agreement. Sayre, Criminal Conspiracy, 35 Harv.L.Rev. 393, 399 (1925); 8 Holdsworth, A History of English Law, 380 (1925), (especially n. 6); 1 Wharton, Criminal Law and Procedure (1957) section 86, and cases cited in n. 13 at p. 184.

■ At common law, the corpus delicti of the crime of conspiracy was fully established by proof that the co-conspirators had actually entered into the agreement, that is, proof consisting of evidence of words or conduct establishing such agreement, as distinguished from the mere subjective meeting of the minds. There was no requirement at common law that the prosecution prove, in addition to such agreement, the doing of an overt act pursuant to the agreement. Indeed, this common law rule has been carried forward to this day in a number of Federal statutes, such as Title 15 U.S.C.A. §§ 1 and 2, Title 18 U.S.C. § 372; Title 26 U.S.C. § 4047(e) (4); and Title 18 U.S.C. § 2385. See Yates v. U. S., 1957, 354 U.S. 298, 322, note 30, 77 S.Ct. 1064, 1079, 1 L.Ed.2d 1356. For other Federal statutes not requiring an overt act, see 1 Wharton, Criminal Law and Procedure (1957) Section 86, p. 185.

It is interesting to note that the model Code of Criminal Procedure (drafted in 1930) of the American Law Institute, Section 188, permits the following form of conspiracy indictment without the pleading of an overt act:

"A. B. and C. D. conspired together to murder E. F. (or to steal the property of E. F., or to rob E. F.)."

Historically, the requirement of the overt act was designed to satisfy the public policy of giving the co-conspirators a locus poenitentiae before they could be charged with the conspiracy.

More recently, the Supreme Court has said (per Mr. Justice Harlan) in Yates v. U. S., 1957, 354 U.S. 298, 334, 77 S.Ct. 1064, 1084:

"It is not necessary that an overt act be the substantive crime charged

in the indictment as the object of the conspiracy. Pierce v. United States, 252 U.S. 239, 244, 40 S.Ct. 205, 207, 64 L.Ed. 542; United States v. Rabinowich, 238 U.S. 78, 86, 35 S.Ct. 682, 684, 59 L.Ed. 1211. Nor, indeed, need such an act, taken by itself, even be criminal in character. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. The function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work,' Carlson v. United States, 10 Cir., 187 F.2d 366, 370, and is neither a project still resting solely in the minds of the conspirators nor a fully completed operation no longer in existence."

What measure of relative importance should be assigned to "over acts" is tellingly indicated by the rules (1) that even when an overt act is required by statute, as under the general conspiracy statute, the indictment need plead only one such act; (2) that the overt act so pleaded need not itself be a criminal act, but may consist of such apparently innocuous acts as a conversation or a meeting, provided the act furthers the object of the conspiracy; and (3) that upon the trial any number of overt acts in furtherance of the conspiracy can be proved by the prosecution, even though such acts are not alleged in the indictment.

The foregoing rules illumine the reasoning of Judge Frank in the Negro case.

■ Analogous reasoning is reflected in decisions dealing with the question of venue or jurisdiction, which hold that the overt act upon which the court's venue or jurisdiction is predicated need not be one of the overt acts pleaded in the indictment; and that proof of such non-pleaded overt act will serve to establish venue or jurisdiction. United States v. Downing, 2 Cir., 1931, 51 F.2d 1030.

■ The second count of the indictment herein charges a conspiracy in violation of a special statute, Title 26 U.S.C. § 4047(e) (4) (Internal Revenue Code of 1939). So far as pertinent, this statute provides that "every officer or agent appointed and acting under the authority of any revenue law of the United States * * * who conspires or colludes with any other person to defraud the United States," is guilty of a crime. This special conspiracy statute—in contrast to the general conspiracy statute, 18 U.S.C. § 371—does not contain a provision that the defendant or his co-conspirators do any act to effect the object of the conspiracy. Since the special conspiracy statute does not contain a requirement of an overt act, the conclusions set forth in this opinion with respect to the general conspiracy statute (involved in the first count) apply a fortiori to the special conspiracy statute (involved in the second count).

The Court will receive evidence of the said non-pleaded overt acts and treat such evidence in accordance with the views expressed in this opinion. Defendants' objections are overruled.