**UNITED STATES of America**

v.

**Gary ENTIN and Charles Javer, Defendants.**

United States District Court
S. D. New York.

June 27, 1962.

Robert M. Morganthau, U. S. Atty., for Southern Dist. of New York, New York City, for the United States. Thomas Day Edwards, Asst. U. S. Atty., of counsel.

Leonard Maran, New York City, for Gary Entin.

WEINFELD, District Judge.

The defendant Gary Entin moves to dismiss an indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. on the ground that the two counts therein are barred by the applicable limitation period.[1] The indictment was returned on March 17, 1961.

The first count, a substantive count, charges the moving defendant and one Charles Javer with unlawfully receiving, concealing, selling and facilitating the transportation, concealment and sale on March 20, 1956 of Chinese hog bristles imported contrary to law.

The second count charges the same defendants with conspiracy so to do from the first day of February, 1955 to March 17, 1961, the date of the filing of the indictment.

The Court, after a careful study of the record on this motion, including the grand jury minutes, is satisfied that issues of fact as to significant dates preclude the granting of this motion in advance of trial.

The conspiracy count alleges overt acts on March 15, April 9, April 25 and May 1, 1956. The defendant Entin contends that his arrest on April 5, 1956 terminated his membership in the conspiracy and urges that the last overt act prior thereto occurred on March 15, 1956, and accordingly that the five-year Statute of Limitations barred the conspiracy count as to him since the indictment was filed on March 17, 1961.

As to the substantive count, the defendant urges a similar bar of prosecution, but on a different theory. Based upon a conference which his attorney had with the Assistant United States

---

1. 18 U.S.C. § 3282.

Attorney in charge of the matter, he contends that the basis of the Government's charge that the substantive offense occurred on March 20, 1956 is as follows: that the defendants sold the hog bristles on March 15, 1956 and that on March 20 the purchaser transported, sold or concealed the hog bristles; that the defendants, by the sale on March 15, 1956 facilitated the subsequent transportation, concealment and sale by the purchaser on March 20, 1956. The defendant insists that any substantive offense by him was completed on March 15, 1956 and that the acts of his purchaser on March 20, 1956 cannot be the basis of a facilitation or concealment charge against him. The Government reply is that the sale on March 15th was on credit and that the defendants had a continuing interest in the subsequent sale by the purchaser since it was understood they were to be paid out of the proceeds; that there was a single, continuing joint venture in which they and the purchaser were engaged.[2] We need not pass upon the Government's position that defendant may be cast in criminal liability by reason of the acts of the purchaser in furtherance of an alleged common scheme. At a further hearing on the motion, the Assistant United States Attorney indicated that upon the trial proof will be offered that the sale by Entin to the purchaser was made only a few days prior to March 20th, the exact date of which would be a matter of proof. If the sale took place on March 17th, 18th or 19th, this act, in itself, would be sufficient to permit the prosecution to go forward.

As to the conspiracy count, the Government answers that even if the defendant established his withdrawal on April 5, 1956, he could be indicted within five years of that date [3]—in short, that the Statute of Limitations runs from the date of his withdrawal and not from the last overt act prior thereto.

The merits of this position, however, need not be decided at this time inasmuch as the Government also raises issues which are factual. First, the Government does not concede that Entin's arrest on April 5th necessarily terminated his membership in the conspiracy on that day.[4] Further, assuming arguendo that the arrest on April 5, 1956 did terminate Entin's membership, the Government asserts that it intends to prove overt acts between March 17th and April 5th, which are not enumerated in the indictment.[5] Specifically, it states that it will prove an overt act of one co-conspirator on March 20, 1956 and another on April 3, 1956 by a different co-conspirator, both prior to Entin's arrest. The acts, if established, occurred within the statutory period and while allegedly the defendant was still a member. The defendant, however, challenges whether or not the overt acts were in furtherance of the objectives of the conspiracy—also he raises an issue that those listed in the indictment (except that of March 15th) were committed after his withdrawal, that is, after the date of his arrest. But these contentions raise issues of fact, the determination of which should await trial. To now hold a hearing would take almost as long as the trial proper.

Without passing upon the fact issues raised by the defendant's motion, it does appear from the Court's study of the record that there is substance to the

2. Cf. United States v. Pugliese, 153 F.2d 497, 500 (2d Cir. 1945); United States v. Olweiss, 138 F.2d 798, 799–800 (2d Cir.), motion for leave to file petition for certiorari nunc pro tunc denied, 321 U.S. 744, 64 S.Ct. 483, 88 L.Ed. 1047 (1944).

3. United States v. Klein, 247 F.2d 908 (2d Cir. 1957), cert. denied, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958); United States v. Markman, 193 F.2d 574 (2d Cir.), cert. denied, Livolsi v. United States, 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371 (1952); United States v. Compagna, 146 F.2d 524, (2d Cir. 1944), cert. denied, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945).

4. Cf. Ferris v. United States, 40 F.2d 837 (9th Cir. 1930).

5. Cf. United States v. Negro, 164 F.2d 168 (2d Cir. 1947).

Government's claim as to the dates when the overt acts occurred.

The motion is denied without prejudice to renewal upon the trial.

Inasmuch as the grand jury minutes, which the Court has read, reflect the substance of the Government's contentions as to dates, defendant's cause on this motion would not be enhanced by an inspection of the minutes. Consequently, the motion to inspect the grand jury minutes is denied.