**UNITED STATES of America,**

v.

**Charles C. STONE, Dora B. Stone, and L. Byron Woody.**

**No. 1:02–CR–189.**

United States District Court, E.D. Tennessee, at Chattanooga.

July 8, 2004.

Stephanie Evans, U.S. Dept of Justice, Office of the Tax Division, Washington, DC, for Plaintiff.

Roger W. Dickson, Miller & Martin, Chattanooga, TN, Douglas A. Trant, Trant and Woods, W. Thomas Dillard, Ritchie, Fels & Dillard, PC, Knoxville, TN, for Defendants.

### *MEMORANDUM & ORDER*

COLLIER, District Judge.

## I. *INTRODUCTION*

In this criminal tax prosecution, Defendants Charles Stone, Dora Stone, and Byron Woody were charged in Count One with conspiracy to defraud the United States in violation of Title 18, United States Code, Section 371, and Charles Stone and Dora Stone were charged with three counts of attempted tax evasion in violation of Title 26, United States Code, Section 7201 (Court File No. 1, Indictment). Count One alleged the defendants conspired to defraud the United States for the purpose of defeating the assessment of income taxes, and it alleged a number of overt acts were committed in furtherance of the conspiracy (*Id.* ¶¶ 13–23).

During the charge conference, the Court faced two issues relating to the Court's final instructions to the jury regarding the conspiracy count and finding an overt act in furtherance of the charged conspiracy. The first issue was whether the jury must be unanimous on which particular overt act or acts in furtherance of the conspiracy

were committed. The second issue was whether the jury is limited to considering just the overt acts alleged in the indictment or whether the jury is permitted to consider other, unalleged overt acts supported by the evidence, in finding whether an overt act was committed.

When the Court was presented with these issues, the parties had not provided the Court with any authorities on point. Within the precise time frame the Court had to first consider the issues, the Court was also unable to locate any clear authority from the United States Court of Appeals for the Sixth Circuit on these precise issues. However, after the issues were raised the Court located ample authority, including some from other jurisdictions, and concluded the law was sufficiently clear to allow it to formulate a charge.

## II. ANALYSIS

### A. Proof of Overt Acts in Furtherance of a Conspiracy Are Means of Proving the Commission of the Conspiracy

■ As a starting point for analysis, the Court will examine some of the basic tenets of conspiracy law. "The [United States Supreme] Court has repeatedly said that the essence of a conspiracy is 'an agreement to commit an unlawful act.'" *United States v. Jimenez Recio,* 537 U.S. 270, 274, 123 S.Ct. 819, 822, 154 L.Ed.2d 744 (2003) (quoting *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975)). The law forbids such agreements for a variety of reasons, including because concerted action decreases the likelihood the conspirators will turn from their agreed upon criminal plans and makes the commission of substantive crimes more likely. *Jimenez Recio,* 537 U.S. at 275, 123 S.Ct. at 822; *Iannelli,* 420 U.S. at 778, 95 S.Ct. at 1290 (quoting *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 325, 5

L.Ed.2d 312 (1961)). Because a conspiracy is a "distinct evil" independent of any substantive crime that is an object of the conspiracy, the agreement to commit a crime may be prosecuted and punished regardless of whether the substantive crime occurs. *Salinas v. United States,* 522 U.S. 52, 65, 118 S.Ct. 469, 477–78, 139 L.Ed.2d 352 (1997) (citing *Callanan,* 364 U.S. at 594, 81 S.Ct. at 325).

■ At common law, the offense of conspiracy did not require the allegation or proof of an overt act in furtherance of the conspiracy. *See United States v. Shabani,* 513 U.S. 10, 13–14, 115 S.Ct. 382, 384, 130 L.Ed.2d 225 (1994); *Fiswick v. United States,* 329 U.S. 211, 216 n. 4, 67 S.Ct. 224, 227 n. 4, 91 L.Ed. 196 (1946). The common law definition of conspiracy has been adopted by Congress for certain federal conspiracy offenses, including conspiracies to commit controlled substance offenses (21 U.S.C. § 846), conspiracies to commit antitrust offenses (15 U.S.C. § 1), and conspiracies to commit racketeering offenses (18 U.S.C. § 1962(d)). *See Salinas,* 522 U.S. at 63, 118 S.Ct. at 476; *Shabani,* 513 U.S. at 14, 115 S.Ct. at 385. However, the general federal conspiracy statute, 18 U.S.C. § 371, contains an explicit overt act component that requires the government to prove a member of the conspiracy did some "act to effect the object of the conspiracy." 18 U.S.C. § 371; *Shabani,* 513 U.S. at 14, 115 S.Ct. at 385. Because Count One in this case charged Defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, the Government was required to prove a member of the conspiracy committed an overt act in furtherance of the conspiracy.

In *United States v. Negro,* the United States Court of Appeals for the Second Circuit reviewed a conviction under the general conspiracy statute (formerly 18 U.S.C. § 88), and it considered whether an

overt act is an element of conspiracy for the purpose of determining whether proof of an unalleged overt act may support a conspiracy conviction. *United States v. Negro,* 164 F.2d 168, 172 (2d Cir.1947). The court discussed six Supreme Court cases decided from 1879 through 1942 regarding the relationship between a conspiracy and an overt act in furtherance of it (*i.e.,* whether an overt act is part of the offense defined by the general conspiracy statute or whether an overt act is separate from the crime of conspiracy and yet is either a required mode of proving the conspiracy existed or a device for affording a locus poenitentiae). *Id.* It then concluded an overt act is not part of the crime of conspiracy for at least some purposes. *Id.* at 173 (citing *United States v. Cohen,* 145 F.2d 82, 94 (2d Cir.1944) ("It has been said over and over again that the conspiracy, not the overt act, is the 'gist' of the crime."); *Marino v. United States,* 91 F.2d 691, 694–95 (9th Cir.1937) ("An overt act is something apart from the conspiracy, and is an act to effect the object of the conspiracy.") (internal quotation omitted); and *Troutman v. United States,* 100 F.2d 628, 632 (10th Cir.1938) (stating crime of conspiracy is complete when agreement has been formed and one or more overt acts have been done in furtherance of unlawful design)). The *Negro* court suggested the doctrine of double jeopardy would prevent a second prosecution for conspiracy on the same facts that merely substituted different overt acts for those alleged in the first, unsuccessful prosecution. 164 F.2d at 173. It also stated an overt act is not part of the crime of conspiracy because an alleged overt act need not be proved at trial if an unalleged overt act is proved instead. *Id.*

The relationship between the overt act requirement and the elements of a general conspiracy was further addressed in *Yates v. United States,* where the Supreme Court explained, "[t]he function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work,' ... and is neither a project still resting solely in the minds of conspirators nor a fully completed operation no longer in existence." 354 U.S. 298, 334, 77 S.Ct. 1064, 1085, 1 L.Ed.2d 1356 (1957) (internal citation omitted) (quoting *Carlson v. United States,* 187 F.2d 366, 370 (10th Cir. 1951)), *overruled on other grounds by Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In reaching a conclusion similar to the Second Circuit's in *Negro* regarding the function of overt acts in prosecutions under the general conspiracy statute, the Supreme Court in *Yates* did not rely upon *Negro* or the authorities supporting that decision. The *Yates* Court instead cited a Tenth Circuit decision, *Carlson,* which relied upon *United States v. Offutt,* 127 F.2d 336 (D.C.Cir. 1942). In *Offutt,* the court of appeals reviewed an indictment alleging a conspiracy under the general conspiracy statute and explained, "it is well settled that an overt act need not be a wrong. It is rather a manifestation that the conspiracy is at work." *Id.* at 340. Citing *Offutt,* the Tenth Circuit in *Carlson* stated, "[t]he overt act merely manifests that the conspiracy is at work," 187 F.2d at 370, and numerous courts have joined *Yates* by citing *Carlson* for this proposition. *See United States ex rel. Epton v. Nenna,* 446 F.2d 363, 368 (2d Cir.1971) (*Carlson* citation within *Yates* quotation); *United States v. Armone,* 363 F.2d 385, 400 (2d Cir.1966) (same); *United States v. Archbold–Newball,* 554 F.2d 665, 684 (5th Cir.1977) (same); *Castro v. United States,* 296 F.2d 540, 542–43 (5th Cir.1961) ("The overt act ... need not be a crime and is not a part of the offense charged, but simply something done in furtherance of the object of the conspiracy ...."); *United States v. Stoner,* 98 F.3d 527, 534 (10th Cir.1996) (*Carlson* citation in parenthetical to *Yates* citation and quotation).

In addition to showing "the operation of the conspiracy," *United States v. Medina,* 761 F.2d 12, 15 (1st Cir.1985) (citing *Yates*), the allegation and proof of overt acts may mark the duration or the scope of an alleged conspiracy. *Fiswick,* 329 U.S. at 216, 67 S.Ct. at 227; *see also Castro,* 296 F.2d at 543 ("[T]he only purpose of proof of the overt act is to eliminate the possibility of abandonment of the conspiracy."). Even in conspiracy prosecutions where the allegation and finding of an overt act is not required, evidence of overt acts in furtherance of a conspiracy can play a practical role because "[c]onspiracies can usually be proved only by showing what the conspirators did in execution of them. 'Necessarily the existence of the conspiracy in most cases can be made to appear only inferentially from the acts of the parties committed in furtherance thereof.'" *Culp v. United States,* 131 F.2d 93, 100 (8th Cir.1942) (quoting *Feigenbutz v. United States,* 65 F.2d 122, 124 (8th Cir.1933)). *See also Blumenthal v. United States,* 158 F.2d 883, 888 (9th Cir.1946) ("Commission of the overt acts may constitute the best proof of the conspiracy and such evidence is often used for that purpose.").

■ In light of these authorities, the Court concludes the function of the overt act requirement set forth in the general conspiracy statute, 18 U.S.C. § 371, is to require the government prove the agreement to commit an unlawful act by evidence a member of the conspiracy did some act in furtherance of the alleged conspiracy.

## B. No Unanimity Requirement on the Particular Overt Act Found by Jury

■ Considering the purpose of the overt act requirement in conspiracy law, the Court concludes there is no requirement that a jury unanimously agree on which particular overt act a member of the conspiracy committed in furtherance of the conspiracy. Although the United States Court of Appeals for the Sixth Circuit has not decided this precise issue, it has issued multiple opinions that clearly presage the answer.

In *United States v. Sanderson,* 966 F.2d 184, 187 (6th Cir.1992), the Sixth Circuit considered a challenge to a conviction premised on a trial judge's failure to give a specific unanimity instruction to the jury in a prosecution for theft of property from an entity receiving federal funds. The indictment charged the defendant with stealing supplies and with stealing employee time that were used and expended on his private construction projects in violation of 18 U.S.C. § 666(a)(1)(A), and the defendant argued submitting these distinct theories for conviction to the jury without a specific unanimity instruction prevented any determination of which act the jury found he committed. *Sanderson,* 966 F.2d at 187. The Sixth Circuit rejected this challenge, stating the stolen supplies and stolen employee time represented distinct proof the same criminal act—*i.e.,* the theft of property from a federally-funded entity—and not distinct criminal acts as the defendant asserted. *Id.* The *Sanderson* court applied the analysis of the United States Supreme Court in *Schad v. Arizona,* 501 U.S. 624, 637–38, 111 S.Ct. 2491, 2500, 115 L.Ed.2d 555 (1991), and interpreted *Schad* to hold "there must be a common-sense determination of a subject statute's application and purpose in light of traditional notions of due process and fundamental fairness." *Sanderson,* 966 F.2d at 188. The Sixth Circuit indicated specific unanimity instructions are not ordinarily required, yet it recognized such instructions *are* required in cases where: "1) a count is extremely complex, 2) there is variance between the indictment and the proof at trial, or 3) there is a tangible risk of jury confusion." *Id.* at 187 (citing *Unit-*

*ed* States *v. Duncan,* 850 F.2d 1104, 1114 (6th Cir.1988)). Concluding the actus reus for theft of property under 18 U.S.C. § 666(a)(1)(A) could be proven by evidence of different theft acts and still satisfy traditional notions of due process, the *Sanderson* court held the lack of a specific unanimity instruction to the jury was appropriate. *Sanderson,* 966 F.2d at 189.

In 1999 the Supreme Court applied *Schad* as it analyzed 21 U.S.C. § 848, which forbids engaging in a "continuing criminal enterprise" ("CCE"), to determine whether a specific unanimity instruction is required regarding the underlying drug crimes that constitute "violations" within a "continuing series of violations" that are involved in an CCE prosecution. *Richardson v. United States,* 526 U.S. 813, 815, 119 S.Ct. 1707, 1709, 143 L.Ed.2d 985 (1999). The Court provided the following discussion about elements of a crime and means used to commit or prove an element of a crime:

> Federal crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime. A (hypothetical) robbery statute, for example, that makes it a crime (1) to take (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank would have defined the crime of robbery in terms of the five elements just mentioned. Cf. 18 U.S.C. § 2113(a). Calling a particular kind of fact an "element" carries certain legal consequences. *Almendarez–Torres v. United States,* 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The consequence that matters for this case is that a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element. *Johnson v. Louisiana,* 406 U.S. 356, 369–371, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) (Powell, J., concurring); *Andres v. United States,* 333 U.S.

740, 748, 68 S.Ct. 880, 92 L.Ed. 1055 (1948); Fed. Rule Crim. Proc. 31(a).

> The question before us arises because a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. *Schad v. Arizona,* 501 U.S. 624, 631–632, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion); *Andersen v. United States,* 170 U.S. 481, 499–501, 18 S.Ct. 689, 42 L.Ed. 1116 (1898). Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force. *See McKoy v. North Carolina,* 494 U.S. 433, 449, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring).

*Richardson,* 526 U.S. at 817, 119 S.Ct. at 1710. After considering the particular statutory language and matters of fairness, the Supreme Court held that each "violation" was a separate element of the CCE offense and that the statute requires jury unanimity in respect to each individual violation necessary for conviction under 21 U.S.C. § 848. *Richardson,* 526 U.S. at 818–19, 824, 119 S.Ct. at 1710–11, 1713.

Two Sixth Circuit decisions applying *Richardson* to other criminal statutes are strong support for the Court's decision to not give a specific unanimity instruction on which particular overt act the jury could have found was committed in furtherance of the conspiracy. In *United States v. Davis,* a defendant asserted the jury was

required to unanimously agree on which acts he committed constituted aiding and abetting. 306 F.3d 398, 412–13 (6th Cir. 2002). The Sixth Circuit discussed *Richardson* and noted the distinction "between elements of a crime, which [must] be determined unanimously, and the means by which an element may be accomplished, which does not require unanimity." *Id.* at 413. The court explained the aiding and abetting statute sets forth various means by which the crime can be accomplished. *Id.* It then concluded "although there may have been various means by which Defendant aided and abetted in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary." *Id.* at 414. Similarly, the defendant in *United States v. DeJohn* argued a jury must unanimously agree which firearm a felon or other prohibited persons possessed where multiple firearms are alleged to have been possessed in violation of 18 U.S.C. § 922(g). 368 F.3d 533, 540 (6th Cir.2004). The Sixth Circuit rejected the argument, agreeing with the *Richardson* analysis set forth in *United States v. Verrecchia*, 196 F.3d 294, 298–301 (1st Cir.1999). *DeJohn*, 368 F.3d at 541. The Sixth Circuit agreed the statutory phrase "any firearm" was the element of the crime, that possession of a firearm was a means of satisfying that element, and that the legislative emphasis behind § 922(g) was on the kind of person (*e.g.*, felon, fugitive, unlawful user or addict of any controlled substance, etc.) and not on the firearm possessed. *Id.* The *DeJohn* court held:

> the particular firearm possessed is not an element of the crime under § 922(g), but instead the means used to satisfy the element of "any firearm." Therefore, the district court did not commit plain error in failing to give an instruction to the jury requiring unanimity as to which of the firearms [the defendant] possessed.

*Id.* at 542. The discussion in *DeJohn* is particularly instructive for this case. The general conspiracy statute, 18 U.S.C. § 371, is similar to the statute considered in *DeJohn*, 18 U.S.C. § 922(g), in that the emphasis of a conspiracy offense is not on the overt acts but rather on the agreement to commit an unlawful act. *See supra* Part II.A. Further, the statutory language "do any act to effect the object of the conspiracy" is an element of the conspiracy offense that can be satisfied by the means of any number of particular overt acts just as a violation of § 922(g) can be demonstrated by possession of any number of particular firearms.

In light of these authorities, the Court concludes particular overt acts are simply separate means of proving the overt act element and the existence of a conspiracy. Under the *Schad* and *Richardson* analysis and recent Sixth Circuit decisions in *DeJohn* and *Davis*, there is no necessity of jury unanimity on which particular overt act was committed by a member of a conspiracy to support a conviction under the general conspiracy statute. Thus, the Court did not give the jury a specific unanimity instruction.

## C. Jury Is Not Limited to Considering Just the Overt Acts Alleged in Indictment

■ The next issue the Court faced was whether a jury is limited to considering just the overt acts alleged in the indictment in determining whether the Government has proven the overt act element of a conspiracy offense. The Court was unable to locate any cases from this circuit to demonstrate this issue has ever been considered in this circuit. However, cases from other circuits are clear a jury is not limited in conspiracy cases to considering only the overt acts alleged in the indictment.

The United States Court of Appeals for the Second Circuit has dealt with this issue repeatedly. The key case in the Second Circuit is *United States v. Frank*, in which the court stated "the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant." 156 F.3d 332, 337–38 (2d Cir.1998) (citing as examples four Second Circuit cases and five cases decided by the First, Third, Fifth, Seventh, and Ninth Circuits). Most recently in *United States v. Salmonese*, 352 F.3d 608, 619 (2d Cir.2003), the Second Circuit quoted this well-established rule as it prepared to address a question concerning proof of unalleged overt acts and satisfying the statute of limitations. The *Salmonese* court also cited *United States v. LaSpina*, 299 F.3d 165, 182 (2d Cir.2002), which quoted *United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir.1983), for the proposition "the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." *Salmonese*, 352 F.3d at 619. Citing *Frank*, the *Salmonese* court explained a conspiracy's operation could be proved through both unalleged and alleged overt acts as long as a defendant is given notice of the core of criminality to be proven at trial. *Id.* (citing *Frank*, 156 F.3d at 338).

Brief excerpts from decisions of other circuits demonstrate the wide acceptance of permitting proof of unalleged overt acts committed in furtherance of a conspiracy to be considered by a jury. In *Napolitano v. United States*, the First Circuit remarked "the failure to specify any particular piece of conduct as an overt act does not prevent proof thereof . . . ." 340 F.2d 313, 314 (1st Cir.1965). In *United States v. Adamo*, the Third Circuit stated "[t]here is general agreement that the Government is not limited in its proof at trial to those overt acts alleged in the indictment." 534 F.2d 31, 38 (3d Cir.1976) (citing *Napolitano* and other cases). The *Adamo* court analyzed the case under variance principles and Fed.R.Crim.P. 52(a) harmless error principles. The court said "the harmless error rule may properly be applied when an overt act in furtherance of a conspiracy proven at trial differs from any of the overt acts alleged in the indictment. Such a variance does not amount to an amendment of the indictment to alter an element of the alleged crime . . . ." *Id.* at 39. Similarly, the Fifth Circuit has stated "in a conspiracy prosecution, the government is not limited to overt acts pleaded . . . ." *Finley v. United States*, 271 F.2d 777, 781 (5th Cir.1960). Case law from the Eighth Circuit is to the same effect. *See, e.g., United States v. Coleman*, 349 F.3d 1077, 1088 (8th Cir.2003) ("In a charge of conspiracy, the government is not limited to proof of the overt acts charged in the indictment . . . ."); *United States v. Lewis*, 759 F.2d 1316, 1344 (8th Cir.1985) ("[I]n conspiracy cases, the government is not limited in its proof to establishing the overt acts specified in the indictment.").

In light of these precedents, even in the absence of clear precedent from the Sixth Circuit, the Court concludes a jury is not limited to considering just those overt acts alleged in the indictment but rather may consider evidence of overt acts presented at trial that fit within the scope of the alleged conspiracy.

## III. *CONCLUSION*

The Court is satisfied the law does not require the jury to be unanimous in its determination of which particular overt act was committed in furtherance of a conspiracy. The Court is also satisfied the jury is not limited to considering just the alleged overt acts in reaching its determination of the existence of an overt act in furtherance

of the conspiracy. Accordingly, the Court charged the jury in this case in light of the authorities discussed in this memorandum.

**SO ORDERED.**