**Filed 1/15/97**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PAUL LOREN KARLER,

      Defendant-Appellant.

No. 95-6426
(D.C. No. CIV-95-1380-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Appellant Paul Loren Karler appeals the district court's denial of his motion, brought under 28 U.S.C. § 2255, to vacate judgment, withdraw plea of guilty, and/or for petition for writ of error coram nobis.[1]  We affirm.

Mr. Karler pled guilty to one felony count of conspiracy to evade the federal cash transaction reporting requirements of 31 U.S.C. § 5313(a).[2]  The conspiracy had two prongs: first, structuring currency deposits with financial institutions so that the transactions involved less than $10,000 in cash,  in violation of 31 U.S.C. §§ 5322 and 5324(3)[3] and second, failing to inform the

---

[1]     Mr. Karler filed his notice of appeal on November 20, 1995.  Because we reject Mr. Karler's claim on the merits and because neither party raised the issue, we decline to address any effect the Antiterrorist and Effective Death Penalty Act of 1996,  Pub. L. No. 104-132, tit. I, § 102, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)), may have on our review of a § 2255 petition in which the notice of appeal was filed before April 24, 1996, the date President Clinton signed the Act into law.  See Lennox v. Evans, 87 F.3d 431, 434 n.2 (10th Cir. 1996) (Declining to address Act's effect on a § 2255 petition).

[2]     The appellant's appendix does not include either the plea agreement, cited in the memorandum opinion and order at 8,  or the transcript of plea, quoted in the government's brief at 3.  The party asserting an issue has the responsibility of providing a record sufficient for consideration of that issue.  When the record does not permit the court to evaluate the claim, the court will generally refuse to consider it.  See United States v. Stoner, No. 94-6377, 1996 WL 580996, at *2, (10th Cir. Oct. 10, 1996); see also 10th Cir. R. 10.3, 30.1.1.  However, Mr. Karler has not disputed the government's characterization of the missing materials.   We exercise our discretion to consider his appeal.

[3]     In 1992, 31 U.S.C. § 5324(3) was re-codified at 31 U.S.C. § 5324(a)(3). See Ratzlaf v. United States, 510 U.S. 135, 139 n.5 (1994).

Internal Revenue Service of cash receipts of more than $10,000, in violation of 26 U.S.C. §§ 6050I and 7203. Judgment of conviction was entered.

Subsequently, the Supreme Court decided Ratzlaf v. United States, 510 U.S. 135, 136-37, 138, 149 (1994), which held that the willfulness standard of the structuring provisions, 31 U.S.C. §§ 5322(a) and 5324(a)(3), required proof of an intentional violation of a known legal duty. The defendant must have known that banks have a duty to report cash deposits in excess of $10,000, and also that it was unlawful to structure deposits to avoid such a report. Ratzlaf, 510 U.S. at 146-49. In United States v. Dashney, 52 F.3d 298, 299 (10th Cir. 1995), this court determined that Ratzlaf was a substantive change in the law mandating retroactive application.[4]

Mr. Karler then filed his motion in the district court to vacate the judgment and withdraw his plea of guilty on the grounds that he had not pled or stipulated to entering into the conspiracy with the knowledge that his structuring activities were unlawful. The district court denied the motion.[5]

---

[4] After the decision in Ratzlaf, Congress amended the statute so that willfulness is no longer an element of a structuring offense. See Riegle Community Development & Regulatory Improvement Act of 1994, Pub.L. No. 103-325, § 411, 108 Stat. 2160, 2253 (1994)(codified as amended at 31 U.S.C. §§ 5322(a), 5324(c)).

[5] Although Mr. Karler did not file a direct appeal, he did not waive his right to a collateral attack. A plea of guilty does not bar a § 2255 motion if the facts to which the defendant pled guilty are subsequently determined not to be criminal.

(continued...)

-3-

The outcome of a § 2255 motion depends on whether there is an adequate factual basis for the plea. United States v. Barnhardt, 93 F.3d 706, 709-10 (10th Cir. 1996). Our review of the trial court's determination is under the clearly erroneous standard. A decision is clearly erroneous only if "it is without factual support in the record or, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." Id. at 710.

A defendant may be charged with a single conspiracy to commit more than one substantive offense. United States v. Sullivan, 919 F.2d 1403, 1435 (10th Cir. 1990). When a charged conspiracy embraces multiple objectives, the evidence need support only one of the objectives in order to maintain a conviction. United States v. Johnson, 713 F.2d 633, 646 (11th Cir. 1983), cert. denied, 465 U.S. 1081 (1984).

Mr. Karler was charged with a conspiracy to commit, not only the structuring offense addressed in Ratzlaf, but also the offense of violating the reporting requirements of 26 U.S.C. §§ 6050I and 7203. His conviction can be upheld under this second objective without reaching the implications of Ratzlaf.[6]

_____

[5](...continued)
United States v. Barnhardt, 93 F.3d 706, 708 (10th Cir. 1996).

[6]    The trial court determined that evidence on the structuring objective of the conspiracy also supported the conviction. We affirm based on the alternative objective and do not evaluate the trial court's analysis of Ratzlaf in the context of a conspiracy conviction. However, we note that "to sustain a judgment of
(continued...)

-4-

On appeal, Mr. Karler acknowledges that he conspired to violate 26 U.S.C. §§ 6050I and 7203 by failing to inform the Internal Revenue Service of cash receipts of $10,000 or more. However, he argues that the violation should have been prosecuted only as a misdemeanor, because there was no showing of willfulness. See 18 U.S.C. § 371 (if the offense which is the object of the conspiracy is a misdemeanor, the punishment for the conspiracy shall not exceed the maximum provided for the misdemeanor).

In federal criminal tax statutes, willfulness means that "the Government [must] prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. 192, 201 (1991).

The following dialogue took place at Mr. Karler's plea hearing:

> MR. ROBINSON: At the same time, you knew of the IRS requirement on the filing of the Form 8300's?
> THE DEFENDANT: Yes.
> MR. ROBINSON: And that had to do with cash taken in by you in excess of $10,000 from customers?
> THE DEFENDANT: Yes.
> MR. ROBINSON: You took in such cash monies and failed to file those 8300's as set forth in the information?
> THE DEFENDANT: Yes.

---

[6](...continued)
conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." United States v. Feola, 420 U.S. 671, 686 (1975).

Brief of Plaintiff-Appellee at 3, citing Plea Transcript at 12.

These statements, which amount to an admission of willfulness, cannot be overcome by the "subsequent presentation of conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Mr. Karler testified to a conspiracy to commit an intentional violation of the known legal duty to report cash receipts of more than $10,000 to the Internal Revenue Service. The testimony justifies the trial court's finding that there was an adequate factual basis to support the felony conspiracy conviction.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge